## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DARRIN HENSON**, an individual,

      Plaintiffs,

**v.**

**SONY MUSIC HOLDINGS, INC.**, and
**DOES** 1 through 10, inclusive,

      Defendants.

**CASE NO:**

## COMPLAINT FOR DECLARATORY RELIEF

**COMES NOW,** Darrin Henson ("Plaintiff" or "Henson"), by and through his counsel of record, bring this action for declaratory judgment against Sony Music Holdings, Inc. doing business as Sony Music Entertainment (hereinafter "SME"), showing the Court as follows:

## INTRODUCTION

1.     This action for declaratory relief is brought by Plaintiff, concerning original and award-winning choreography, that he created in 1999, and that subsequently became associated with the musical work entitled "Bye, Bye, Bye" by the recording artists professionally known collectively as NSYNC (hereafter "Bye, Bye, Bye Dance" or "Work").

2.     The Bye, Bye, Bye Dance is Henson's best and most iconic choreography, winning him the well-deserved and then prestigious recognition of the 2000 MTV Video Music Award for Best Choreography. Indeed, the Work was so

popular it is often cited as a staple of early 2000s pop culture. A phenomenon that Henson has been profiting from since 1999, including with his first of its kind aerobics style dance instructional videos entitled "Darrin's Dance Grooves," that were originally released in 2001, and that sold over three (3) million copies, earning him millions, and making it one of the most successful dance videos, **of all time**.

3.    Accordingly and relatedly, Henson has been publicly holding himself out as the sole owner of the Work unchallenged since its inception and has relatedly referenced such ownership openly and notoriously in various public interviews throughout the years, including but not limited to within his documentary "Darrin's Dance Grooves: The Untold Darrin Henson Story" that premiered on ALLBLK, on April 20, 2023.

4.    Despite the foregoing, SME, without Henson's knowledge, consent, or involvement held themselves out as the owners of the Work and licensed it for feature and use in the Marvel Studios' 2024 film "Deadpool & Wolverine," and then as an Emote in the game Fortnite, and without any credit or compensation to Henson.  Such licensing has resulted in whitewashing (or erasure of all diversity associated with the Work and its origins) and dilution of the market value Henson has created for himself. The Work is now being wrongfully and unjustly affiliated with Marvel as the "Deadpool Dance." Additionally, Nick Pauley, who was hired to perform the Work in the film, is profiting from Henson's Work and the creation of the same is now being falsely credited to Pauley.

5.    Henson has asserted his ownership against Defendants (as defined herein) and has attempted to reach an amicable resolution with them, to no avail. Initially,

COMPLAINT FOR DECLERATORY RELIEF

despite knowledge of Henson's creation, SME, outright refused to negotiate without evidence of copyright registration. After Henson successfully registered the work using the true creation date (that predates the official music video owned by SME) and provided Defendants with notice of the same, Defendants continued to dishonor Henson's ownership by asserting a lack of originality. The overall basis of SME's claim of ownership is that it owns the official music video that was released in 2000, one (1) year after the Work was created, and for which it did not register with the copyright office until 2001 (and again in 2006). On both occasions SME knowingly failed to disclaim any pre-existing copywritten or copyrightable work, including but not limited to the Work that was simultaneously being widely marketed and profited from by Henson. SME likewise failed to disclose to the copyright office that the pre-existing Work for which they were claiming ownership, was not made pursuant to any written work made for hire agreement.

6.     The reality is that the Work belongs to Henson, and to obtain full acknowledgement of his ownership and a complete transfer of all monies earned by SME and its licensees, the Plaintiff must seek declaratory relief from the Court that confirms Plaintiff's unfettered exclusive right to exploit the Work, free of the interference from and unjust enrichment of the Defendants.

## JURISDICTION AND VENUE

7.     This action is brought, and this Court has subject matter jurisdiction, pursuant to 28 U.S.C. Sections 1331, 1338 and 2201. This Court has federal question jurisdiction in this matter in that plaintiffs seek a declaration of rights under the Copyright Act of 1976, 17 U.S.C. Section 101, *et seq.*

3

COMPLAINT FOR DECLERATORY RELIEF

8.    Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(1), (b)(3), (c)(2), (d) and 1400(a) in that Defendant SME is a Delaware profit corporation authorized to do business in Georgia, with a registered agent in Gwinnett County Georgia.

## THE PARTIES

9.    Plaintiff choreographed the Work, a multinational hit dance for the musical work "Bye, Bye, Bye," that was first performed on October 28, 1999, at the first ever Radio Music Awards in Las Vegas, Nevada, that were pre-recorded and then distributed and aired "live" on the WB, and its then local affiliate networks.

10.    Defendant SME is a wholly owned subsidiary and the global recorded music division of Sony Music Group and/or Sony Corporation of America. It is a corporation that is organized and exists under the laws of Delaware, has been sued multiple times in Georgia, and that is in the business of music recording, nationwide and in Georgia. It is the second largest of the "Big Three" record companies, behind Universal Music Group and followed by Warner Music Group.

11.    Defendant Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.

12.    On information and belief at all times material herein each of the defendants was the agent and employee of some or all of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such

COMPLAINT FOR DECLERATORY RELIEF

agency and employment. The defendants are referred to collectively herein as "Defendants."

## CLAIM FOR DECLARATORY RELIEF

13.    Henson was commissioned to create the Work for NSYNC's first ever live performance of the musical work entitled "Bye, Bye, Bye," in October of 1999, during a period where the band was engaged in highly public litigation with its manager and creator, Lou Pearlman.

14.    Henson received a call from the bands then day-to-day manager, Johnny Wright, to develop the Work for the band's performance of the unreleased musical work entitled "Bye, Bye, Bye," at the first ever Radio Music Awards in Las Vegas, Nevada. Henson did not sign a work made for hire agreement prior to the creation of the Work, and as such by its creation alone, became the sole owner of the Work. To date, he has not transferred said ownership to any third party.

15.    Henson subsequently flew to Las Vegas to teach the Work to NSYNC, who then later performed the same live, on October 28, 1999. That performance was pre-recorded and then later that day distributed and aired "live" on the WB, and its affiliate networks.

16.    When Henson learned of the use of the Work in Marvel Studios' film "Deadpool & Wolverine," in 2024 (shortly after the film was released), he immediately put the purported licensor SME, and its known licensees on notice of his ownership; and, when presented with the need for a federal lawsuit for infringement, he registered his Work with the United States Copyright office, which granted him, copyright registration number: PA2554184.

COMPLAINT FOR DECLERATORY RELIEF

17.    Henson filed an expedited copyright application, which was unfortunately severely delayed by one of the Government shutdowns, and that covered the 1999 published version of the Work, including but not limited to the specific elements attributable to the chorus section of the musical work "Bye, Bye, Bye." The same exact elements that were included within the Fortnite Emote and in the opening credits of "Deadpool & Wolverine." Unlike SME, Henson properly disclaimed the preexisting elements that were cut from the footage that aired on WB and its affiliate networks, in 1999, but he is still free to register the same, should they ever require similar litigation.

18.    Henson has been actively conversing with SME (who represented that it was speaking for all its licensees) since December of 2025, after returning to the table, following SME refusing to acknowledge Henson, without evidence of copyright registration. To date, after three (3) months, SME is still seeking internal approval of an amicable resolution.

19.    The Defendants have agreed to toll the statute of limitation for the period of January 9, 2026, to Monday March 30, 2026. Given the expiration of the agreed tolling period, and the passage of time since the film's release (one (1) year and eight (8) months) out of an abundance of caution, and to reserve all rights, Henson believes it is time to proceed with his claims via this request for declaratory relief.

20.    There is an actual and justiciable controversy between Plaintiff and Defendants in that SME claims their copyright registrations (PA1067486 and PA1280808) which do not properly disclaim any existing Work, are superior to Plaintiff's claim of ownership and or approved copyright registration, absent any written work for hire agreement or other applicable transfer of interests. Alternativly,

6

Defendants argue the Work itself is not copyrightable, despite their own alleged registration(s) and their recent profit(s) from the Work. The aforementioned arguments against Plaintiff's interests are baseless and employed merely to deprive Plaintiff of and or punish Plaintiff for his attempt to protect his Work from the Defendants' further misappropriation. To Henson's knowledge, prior to the uses at issue, he has been the only one to profit solely from the performance of the factors attributable to the Work, as an independent property.

21.     For these reasons, a judicial declaration of the parties' respective rights and obligations with respect to the Work is necessary and appropriate.

22.     Plaintiff seeks a judgment declaring (a) Henson is the exclusive owner of the Work; and (b) that SME does not have an interest in the Work sufficient to confer standing on them to pursue claims of ownership of the Work.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF** respectfully requests judgment against Defendants as follows:

1.     A declaration that (a) Henson is the exclusive owner of the Work; (b) SME does not have an interest in the Work sufficient to confer standing on them to pursue claims of ownership of the Work;

2.     For imposition of a constructive trust to hold and transfer the monies earned from the Defendants wrongful exploitation of the Work back to the Plaintiff, and as disgorgement of all ill-gotten monies to prevent their unjust enrichment at Plaintiff's expense;

3.     For costs and attorneys' fees incurred herein; and

COMPLAINT FOR DECLERATORY RELIEF

4.      For such other and further relief as the Court deems just and proper.

DATED: March 27, 2026

<u>/s/Brittney R. Dobbins</u>
Brittney R. Dobbins
Georgia State Bar # 218051
DOBBINS LAW
3379 Peachtree Road NE, Suite 700
Atlanta, GA 30326
brittney@bdobbinsesq.com

*Attorney for Plaintiff*

8

COMPLAINT FOR DECLERATORY RELIEF

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

This 27th day of March, 2026

CERTIFICATE COMPLIANCE TO COMPLAINT FOR DECLERATORY RELIEF