**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DARRIN HENSON,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**SONY MUSIC HOLDNGS, INC., and DOES 1 through 10, inclusive,**<br><br>        **Defendants.** | **CASE NO:** 1:26-cv-01674-ELR |

**NOTICE OF RELATED CASE**

Plaintiff Darrin Henson hereby provides notice of related case recently filed in the Central District of California, Western Division. The case arises from the same related transactions, happenings, or events as the case presently before this Court, calls for the determination of the same questions of law and fact, and would entail substantial duplication of labor if heard by different judges:

- <u>Darrin Henson v. Sony Music Entertainment, Inc., et al.</u>, No. 2:26-cv-07142.

Henson filed the California lawsuit against Sony Music Entertainment on June 30, 2026, an action identical to that of which Plaintiff filed as Exhibit 1 with his motion for leave to amend and transfer, for the reasons stated herein.

Plaintiff filed a motion seeking to amend the complaint and transfer the case to the Western Division of the Central District of California on Friday June 26, 2026, following unsuccessful mediation with Sony. Specifically, Plaintiff decided to forgo challenging Sony Music Entertainment's claims against Georgia residency and instead elected to attempt to avoid motion work altogether and voluntarily move the

-1-
PLAINTIFF'S NOTICE OF RELATED FILING

case to a jurisdiction wherein Sony and all other interested parties are at home. Plaintiff asked Sony to stipulate to move the Georgia case to California, but it refused. As a result, Plaintiff had to file a motion to amend and transfer the case. The motion is pending before the Court. The motion includes a request to vacate Sony's response deadline, June 9, 2026. Plaintiff alerted the Court of the urgency of the matter, but the Court has yet to rule on that issue. Plaintiff has no intention of taking any adverse action against Sony, if it does not respond to the Georgia action.

Plaintiff could dismiss the Georgia case; however, it is more convenient for Plaintiff to keep the Georgia case alive. Plaintiff's former counsel has filed a lien in the Georgia matter, to which Plaintiff has filed a pending motion to strike and or dismiss the lien. The motion is fully briefed, and it would better serve the interest of justice and judicial economy, for the fully briefed motion to stay with the case, so the work of briefing the matter does not have to be duplicated. Sony has made this goal unreasonably complicated. Although Sony cannot stop Plaintiff from filing in California, Sony intends to challenge Plaintiff's efforts to move the existing case to California, thus merely delaying the inevitable (a California filing) and increasing the fees and costs of the effort. Further, Sony does not have any justifiable reason to stand in the way of Plaintiff's effort to keep the lien issue alive. Sony has no personal interest in the outcome of the lien dispute, and Sony is not burdened by Plaintiff's effort to do so. Sony's obstructive actions are only making a reasonable effort more expensive.

As a result of the hurdles Plaintiff is seeking to overcome, Plaintiff filed the instant action on June 30, 2026, and this notice of related case on July 1, 2026, as an

PLAINTIFF'S NOTICE OF RELATED FILING

alternative means to accomplish the same goal, transfer of and or consolidation of the Georgia matter with the matter in the Central District of California, so that either the Georgia Court can rule on the fully briefed lien issue before it, and or so that the full briefing travels with the case for the California court to decide.

The Georgia and the California cases are related and the lien issue to be decided affects the outcome of the California matter. Considering that issue, Plaintiff submits that relitigating the lien issue will create a substantial duplication of labor. The Judge in the Georgia matter has already taken the lien issue under advisement and is already familiar with the issues. Preventing her and or the California Court from ruling on the same because of a dismissal will result in a substantial and expensive duplication of labor.

Accordingly, the Georgia case and the California case are related.


DATED: July 1, 2026

/s/ Brittney Dobbins
Brittney R. Dobbins
Georgia Bar No. 218051
**DOBBINS LAW**
3379 Peachtree Road NE, Suite 700
Atlanta, GA 90326
brittney@bdobbinsesq.com
*Attorney for Plaintiff*

PLAINTIFF'S NOTICE OF RELATED FILING

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

This 1st day of July, 2026.

/s/ *Brittney Dobbins*

Brittney R. Dobbins
Georgia Bar No. 218051
**DOBBINS LAW**
3379 Peachtree Road NE, Suite 700
Atlanta, GA 90326
brittney@bdobbinsesq.com
*Attorney for Plaintiff*

CERTIFICATE OF  COMPLIANCE ISO NOTICE OF RELATED FILING

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY**, that on the 1st day of July, 2026, I filed the foregoing with the Clerk of Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice List.

*/s/ Brittney Dobbins*

Brittney R. Dobbins
Georgia Bar No. 218051
**DOBBINS LAW**
3379 Peachtree Road NE, Suite 700
Atlanta, GA 90326
brittney@bdobbinsesq.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE ISO NOTICE OF RELATED FILING