# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DARRIN HENSON,

      Plaintiff,

v.

SONY MUSIC HOLDINGS, INC., and
DOES 1 through 10, inclusive,

      Defendants.

Case No. 1:26-cv-01674-ELR

**SONY MUSIC HOLDINGS INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL, OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND TRANSFER CASE, AND MOTION FOR EXCESS COSTS, EXPENSES, AND ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1927**

Defendant Sony Music Holdings, Inc. ("SMHI") files this Response to Plaintiff's Notice of Voluntary Dismissal, Opposition to Plaintiff's Motion for Leave to File an Amended Complaint and Transfer Case, and Motion for Excess Costs, Expenses, and Attorney's Fees pursuant to 28 U.S.C. § 1927. Although Plaintiff has now (finally) voluntarily dismissed SMHI, that dismissal confirms the central premise of SMHI's position throughout this litigation—that SMHI was not the proper defendant. Because Plaintiff still refuses to dismiss this case, the voluntary dismissal does not moot Plaintiff's still-pending Motion for Leave, nor does it deprive this Court of jurisdiction to resolve SMHI's instant request for attorney's

1

fees and sanctions arising from Plaintiff's unreasonable multiplication of these proceedings.

## **INTRODUCTION**

This case should never have been filed, and at most, should have ended weeks ago. Plaintiff acknowledged that the only named defendant, SMHI, was not the proper defendant, he has omitted SMHI entirely from his proposed amended complaint, and has now filed the lawsuit he actually wished to pursue in the Central District of California against different defendants. Plaintiff also represented to this Court that SMHI should not be required to answer the operative Complaint, and assured the Court that Plaintiff would seek no adverse action against SMHI. Yet Plaintiff refused repeated requests to voluntarily dismiss SMHI.

Instead, for months, Plaintiff required SMHI to continue defending a lawsuit Plaintiff had already effectively abandoned, to oppose an improper Motion for Leave that seeks to transform this Georgia declaratory judgment action into an entirely different California copyright infringement action, and to incur substantial attorney's fees responding to litigation that Plaintiff ultimately conceded should never have proceeded against SMHI.

Plaintiff finally filed a Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal late the night before SMHI's response to the Complaint was due on July 9, 2026. But Plaintiff dismissed only SMHI—not the action. Plaintiff deliberately left the Doe

defendants in the case while leaving pending his Motion for Leave to amend and transfer.

As a result, there is now no remaining party with any incentive or obligation to oppose Plaintiff's procedurally improper Motion for Leave. Unless SMHI responds notwithstanding its dismissal, Plaintiff's motion would effectively proceed unopposed, despite seeking relief that exceeds the scope of Rule 15 and despite Plaintiff having already filed the very lawsuit he seeks leave to create. Plaintiff's procedural maneuver therefore has required SMHI to continue participating in this litigation to protect the integrity of the proceedings and to prevent Plaintiff from obtaining relief that no remaining defendant is positioned to contest.

Accordingly, this Court should first determine that Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings within the meaning of 28 U.S.C. § 1927, and then deny Plaintiff's Motion for Leave because Rule 15 does not authorize replacing one lawsuit with another, particularly one that Plaintiff has admitted he has no interest in pursuing in this forum.

## I. AN AWARD OF EXCESS COSTS, EXPENSES, AND ATTORNEY'S FEES UNDER 28 U.S.C. § 1927 IS WARRANTED.

Plaintiff's belated Notice of Voluntary Dismissal resolved the merits of Plaintiff's claims against SMHI, but it did not erase the unnecessary proceedings that preceded the dismissal or divest this Court of authority to address the consequences of those proceedings.

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be required personally to satisfy the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.[1]  Although the statute is penal in nature and is therefore strictly construed, the Eleventh Circuit has held that sanctions are appropriate where an attorney engages in objectively unreasonable conduct that multiplies proceedings and causes an opposing party to incur unnecessary litigation expenses.  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

The Eleventh Circuit generally requires three elements: (1) unreasonable and vexatious conduct; (2) multiplication of the proceedings; and (3) a financial nexus between the conduct and the excess fees incurred.  *Amlong & Amlong, P.A.*, 500 F.3d at 1239 (quoting *Peterson,* 124 F.3d at 1396).  Those requirements are satisfied here.

### A. Plaintiff's Notice of Voluntary Dismissal Does Not Moot SMHI's Motion Under 28 U.S.C. § 1927.

Plaintiff's Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) resolves only the merits of Plaintiff's claims against SMHI.  It does not divest this

---

[1] For purposes of the present Motion, SMHI seeks only a determination of entitlement under 28 U.S.C. § 1927.  If the Court grants that relief, SMHI respectfully requests leave to file a declaration of counsel, supported by contemporaneous billing records and other appropriate documentation, establishing the reasonable attorney's fees incurred as a result of the conduct described herein.

Court of jurisdiction to determine SMHI's request for excess costs, expenses, and attorney's fees under 28 U.S.C. § 1927, which presents a collateral issue independent of the merits of Plaintiff's claims.

The Supreme Court and the Eleventh Circuit have long recognized that sanctions and attorney's fee proceedings are collateral to the underlying merits and therefore survive the termination of the principal action. See, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (holding subsequently narrowed by the amendment to Federal Rule of Civil Procedure 11 on other grounds); *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) ("As both the Supreme Court and we have recognized, Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case).[2]

Here, the case does not involve a Rule 11 motion or a case that has been completely dismissed. Instead, although SMHI has just been voluntarily dismissed late in the night on July 8, 2026, the case is still pending before this Court, and SMHI is requesting its excess expenses pursuant to 28 U.S.C. § 1927.

---

[2] SMHI likewise does not challenge the effectiveness of Plaintiff's Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i). Rather, SMHI acknowledges the dismissal as effective with respect to the merits of Plaintiff's claims against SMHI and seeks relief only as to the collateral matters that remain within this Court's jurisdiction, including Plaintiff's pending Motion for Leave to File an Amended Complaint and Transfer Case and SMHI's Motion under 28 U.S.C. § 1927.

Indeed, Plaintiff's Notice of Voluntary Dismissal underscores rather than undermines the basis for SMHI's request. Throughout this litigation, counsel for Sony Music Entertainment ("SME") consistently maintained that SMHI was not the proper defendant (based on publicly available information) and repeatedly requested that Plaintiff voluntarily dismiss the claims asserted against SMHI. Plaintiff declined to do so. Instead, Plaintiff filed a Motion for Leave to Amend, a Notice of Related Case, and an Emergency Motion seeking to relieve SMHI of any obligation to respond to a Complaint that Plaintiff simultaneously acknowledged he no longer intended to pursue. Only after requiring SMHI to prepare the present motion did Plaintiff voluntarily dismiss SMHI.

The Notice therefore resolves only one aspect of this dispute: it confirms that Plaintiff ultimately abandoned the claims asserted against SMHI. It does not resolve whether Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings by maintaining litigation against SMHI after acknowledging that SMHI was not the proper defendant, nor does it compensate SMHI for the excess costs and attorney's fees incurred as a result of that conduct.

Nor does Plaintiff's unilateral statement in the Notice that "[e]ach party shall bear its own costs and attorneys' fees" alter that conclusion. A Rule 41(a)(1)(A)(i) notice may voluntarily dismiss claims against a defendant, but it cannot unilaterally adjudicate or extinguish a defendant's independent statutory entitlement to seek

sanctions or attorney's fees on collateral grounds. *Absolute Activist Value Master Fund, Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) ("because determinations regarding costs, sanctions, and fees do 'not signify a district court's assessment of the legal merits of the complaint,' a voluntary dismissal does not operate to divest the district court of jurisdiction over those issues"). Whether Plaintiff's counsel is liable under Section 1927 remains a question for the Court, and is not resolved by Plaintiff's unilateral characterization in the dismissal.

Accordingly, Plaintiff's voluntary dismissal does not moot SMHI's Motion for Excess Costs, Expenses, and Attorney's Fees pursuant to 28 U.S.C. § 1927. "Rule 41(a), . . . 'does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers.'" *Absolute Activist Value Master Fund, Ltd.*, 998 F.3d at 1265 (quoting *Cooter & Gell*, 496 U.S. at 397-98). The Court therefore retains jurisdiction to determine that collateral issue.

### B. Plaintiff's Counsel Pursued Claims Against SMHI Without a Reasonable Factual Basis.

This is not a case in which Plaintiff simply named the wrong defendant despite exercising reasonable diligence.

For more than a year before filing suit, Plaintiff's counsel communicated exclusively with SME concerning Plaintiff's claims. Plaintiff's own sworn declaration confirms that Attorney Dobbins represented Plaintiff beginning in September 2025, resumed negotiations on Plaintiff's behalf, and ultimately filed this

action on March 27, 2026.  (Doc 15-3).  Representatives for SME repeatedly informed Plaintiff's counsel that SMHI has never claimed an interest in the choreography at issue, that SME is the parent company of Zomba Recording LLC, the entity that owns the relevant copyright and, SME is the licensor on the relevant licenses pertaining to the choreography.  Plaintiff's counsel was repeatedly advised that SME and SMHI are separate legal entities.  Plaintiff was also advised that personal jurisdiction over SME does not exist in Georgia.  (See Declaration of Tara Bruh, **Exhibit 1** hereto, ¶ 6).

Despite those communications with SME, Plaintiff elected to file suit against SMHI in the Northern District of Georgia.

At the time this suit was filed, publicly available corporate records confirmed that SMHI and SME were distinct legal entities.  Rather than identify any evidence establishing that SMHI owned, licensed, or exploited the choreography at issue, Plaintiff instead relied upon a theory that SME and SMHI were effectively the same entity because a different entity, Sony Music Entertainment, Inc. had changed its corporate name to Sony Music Holdings, Inc. in 2009.  Indeed, Plaintiff affirmatively presented that theory to this Court in opposing SMHI's motion for an extension of time, arguing that Defendant's position that SMHI and SME were separate entities was "entirely false" and asserting that SME "has been doing business in Georgia as Sony Music Holdings, Inc."  (Doc. 8).

8

Plaintiff has now unequivocally abandoned that factual position.

Plaintiff's Motion for Leave to Amend, proposed amended complaint, Notice of Related Case, and subsequent California action all now concede that SMHI is not the proper defendant.  (Docs. 21, 21-1, and 22).  Plaintiff omitted SMHI entirely from the proposed amended complaint, substituted SME and additional defendants, and filed those claims as a separate action in the Central District of California.  (Doc. 21-1).  Consequently, Plaintiff's present litigation position cannot be reconciled with the factual premise upon which this lawsuit was originally filed.

This unexplained reversal is significant.  Section 1927 does not require proof of subjective bad faith, but it does require conduct that, viewed objectively, falls outside the obligations of a reasonable attorney.  *Amlong & Amlong, P.A*, 500 F.3d at 1241 ("In short, a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings.").  Here, Plaintiff's counsel first affirmatively represented that SMHI and SME were effectively the same entity in order to justify maintaining this action against SMHI in Georgia—while publicly available records showed otherwise.  Plaintiff's counsel refused to accept SME's repeated representations about its ownership of the copyright at issue and its licensing activity (and SMHI's lack of any involvement).  After forcing SMHI to litigate this case, including preparing a motion to dismiss and an opposition to Plaintiff's improper "Leave to

Amend and Transfer," Plaintiff now affirmatively concedes he was wrong, that

SMHI is not the proper defendant and that – consistent with SME's representations

since before suit was brought - SME is the proper defendant and this Court is not the

proper forum.

Indeed, Plaintiff has now filed a complaint in the U.S. District Court for the

Central District of California affirming, in relevant part:

> Sony Music Entertainment (SME) is a Delaware general partnership
> with its principal place of business at 25 Madison Avenue, New York,
> New York 10010-8601. SME does business in California at 10202 W.
> Washington Blvd., Akio Morita Bldg., 6th Floor, Culver City,
> California 90232, Los Angeles County, California. On information and
> belief, SME was originally formed in 2004 under the name BeSo, and
> later that year became Sony BMG Music Entertainment, which was a
> joint venture between Sony Corporation of America and Bertelsmann
> AG from about March 2004 until about October 2008, and the same
> was renamed SME, effective December 31, 2008. On information and
> belief SME gained ownership of the Zomba Group (the original owner
> of the promotional video created for the musical work "Bye, Bye, Bye")
> around this time, when Sony Corporation of America purchased
> Bertelsmann's 50 percent (%) stake in the joint venture. Bertelsmann
> purchased the Zomba Group in 2002. This acquisition resulted in SME
> owning the rights in and to the to the musical work "Bye, Bye, Bye,"
> and its related promotional video.

(2:26-cv-07142  Complaint ¶ 3 (C.D. Cal June 30, 2026), attached hereto as **Exhibit**

**2**).

The availability of publicly accessible corporate records before suit was filed

and counsel's communications exclusively with SME for more than a year prior to

filing suit strongly supports the conclusion that the claims against SMHI lacked an

10

objectively reasonable factual basis or, at the very least, that counsel acted with objective recklessness in continuing to prosecute those claims after their factual premise had been abandoned, in part to avoid losing his preferred forum (which he now concedes lacks jurisdiction over any of the newly-named defendants).

At a minimum, the record demonstrates that Plaintiff's counsel lacked an objectively reasonable factual basis for continuing to maintain claims against SMHI. Whether that resulted from an inadequate pre-suit investigation, an unreasonable interpretation of publicly available corporate records, or the continued prosecution of claims after abandoning the factual premise on which they were filed, the result is the same: SMHI was required to defend claims that Plaintiff now concedes should never have proceeded against it in a forum that lacked jurisdiction to hear this dispute.

### C. After Acknowledging That SMHI Was Not the Proper Defendant, Plaintiff's Counsel Continued to Multiply These Proceedings.

Even assuming *arguendo* that the original filing resulted from an honest mistake (despite the pre-suit communications and available public records showing SMHI and SME are distinct entities), any such excuse ceased once Plaintiff acknowledged that SMHI was not the proper defendant.

Plaintiff's counsel repeatedly rejected SMHI's requests to voluntarily dismiss the Georgia action, despite simultaneously representing that Plaintiff did not intend to pursue relief against SMHI and had already filed the action he actually wished to

11

litigate in California.  Rather than dismissing this case, Plaintiff insisted upon maintaining this action solely to obtain rulings concerning procedural matters and a collateral attorney's lien issue, thereby requiring SMHI to continue incurring unnecessary attorney's fees.

Specifically, Plaintiff:

- omitted SMHI from the proposed amended complaint in this Court;

- filed a new California action asserting those claims against different defendants, omitting SMHI;

- filed a Notice of Related Case advising this Court of that action;

- acknowledged that this Court does not have jurisdiction over the newly-named defendants;

- argued that SMHI should not be required to answer the operative Complaint; and

- represented that Plaintiff would not seek a default or any adverse action against SMHI if it declined to respond.

Those filings leave no genuine dispute that Plaintiff had abandoned any claim against SMHI.  Yet Plaintiff refused repeated requests to voluntarily dismiss the Georgia action.  (See June 23 to July 2, 2026 email chain attached as the Exhibit to Declaration of Vernon M. Strickland, **Exhibit 3** hereto ("Instead of the multiple filings, Plaintiff could have, and should have, simply dismissed this action in

12

Georgia." – July 2, 2026 5:05 PM)).

By doing so, Plaintiff has required SMHI to respond to claims Plaintiff himself no longer intends to pursue and respond to a Motion for Leave seeking to transform this lawsuit into an entirely different action.

That conduct constitutes precisely the type of unreasonable multiplication of proceedings that Section 1927 was enacted to prevent.  This is not merely an unsuccessful legal position.  It is the continued prosecution of a lawsuit against the only named defendant after Plaintiff acknowledged that the defendant should no longer be part of the case and that jurisdiction over the parties and claims Plaintiff truly intends to pursue is elsewhere.

### D. Plaintiff's Conduct Directly Caused SMHI to Incur Excess Litigation Expenses.

Section 1927 requires a nexus between the amount claimed as a sanction and the sanctionable conduct itself.  *Amlong & Amlong, P.A.*, 500 F.3d at 1239.  Here, there is a direct causal relationship between Plaintiff's conduct and the fees incurred by SMHI.

Plaintiff's refusal to dismiss SMHI did more than require SMHI to continue defending abandoned claims.  It also compelled SMHI to oppose Plaintiff's improper Motion for Leave because Plaintiff's dismissal strategy otherwise would have left no remaining party positioned to challenge the requested relief.

Had Plaintiff simply voluntarily dismissed this action upon determining that

13

SMHI was not the proper defendant and that it intended to pursue its claims in a different forum, SMHI would not have been required to:

- analyze Plaintiff's proposed amended complaint;

- prepare and file this combined Response to Voluntary Dismissal, Response in Opposition to Motion for Leave, and Motion for Attorney's Fees;

- address Plaintiff's attempt to convert this declaratory judgment action into an entirely different California copyright infringement action; or

- continue defending a lawsuit that Plaintiff has already superseded by filing a separate federal action.

Those expenses were not the ordinary cost of defending disputed claims. They resulted solely from Plaintiff's strategic decision to maintain litigation against SMHI after conceding that it was going to litigate against different parties, elsewhere.

Accordingly, SMHI respectfully requests that the Court find that Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings within the meaning of 28 U.S.C. § 1927, and award SMHI its excess costs, expenses, and reasonable attorney's fees incurred as a result of that conduct. At a minimum, those fees should include the expenses incurred in preparing and presenting the instant Motion, together with such additional proceedings as the Court deems appropriate to determine the amount of that award.

## II.    PLAINTIFF'S VOLUNTARY DISMISSAL CONFIRMS THAT SMHI WAS NOT THE PROPER DEFENDANT

Plaintiff's Notice of Voluntary Dismissal confirms what SMHI has consistently maintained throughout this litigation: Sony Music Holdings Inc. is not the proper defendant in this action.  Although Plaintiff's Rule 41(a)(1)(A)(i) Notice renders moot SMHI's request for dismissal of the Complaint, it also conclusively establishes that Plaintiff ultimately abandoned the factual and legal premise upon which this lawsuit was filed.

Following the parties' unsuccessful mediation, Plaintiff filed his Motion for Leave to File an Amended Complaint and Transfer Case, in which Plaintiff expressly represented that SMHI "has been omitted" from Plaintiff's proposed amended complaint. (Doc. 21 at 1).  Consistent with that representation, Plaintiff's proposed amended complaint jettisons his claims against SMHI, which sought a declaratory judgment that Plaintiff was the copyright owner of the choreography at issue.  In the "proposed amended complaint" Plaintiff seeks to proceed against a different corporate entity, SME, and several other new defendants, asserting entirely new causes of action for copyright infringement and related damages.  (Doc. 21-1). Plaintiff admits he has no intention of pursuing this amended complaint in this Court as it, *inter alia,* admittedly lacks jurisdiction over any of the newly-named defendants.

On June 30, 2026, Plaintiff commenced an action and filed the identical

15

complaint in the Central District of California against SME and the newly identified defendants.[3] The following day, Plaintiff filed a Notice of Related Case in this Court acknowledging his intention to pursue his new claims against the new defendants in California rather than continue litigating against SMHI in Georgia. (Doc. 22). Plaintiff therefore has not merely stated that SMHI is not the proper defendant; Plaintiff has acted upon that position by commencing a separate action asserting new claims against different defendants in a different federal district.

Until July 8, 2026 at 9:59 PM EDT, however, Plaintiff refused repeated requests to voluntarily dismiss this case against the sole named defendant, SMHI, thereby requiring SMHI to prepare the present motion and continue defending claims Plaintiff had already acknowledged should not proceed against it. Only after compelling SMHI to incur those expenses did Plaintiff file a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i), just two hours before the day SMHI's response to the original complaint was due.

The voluntary dismissal is significant not merely because it terminates Plaintiff's claims against SMHI, but because it confirms the correctness of SMHI's position throughout this litigation. From the outset, Plaintiff's counsel was provided with publicly available records and information confirming that SMHI was not the

---

[3] SME is not a party to this lawsuit, and SME does not waive any additional bases for dismissal of claims Plaintiff has now asserted against SME in the California action.

entity claiming ownership of, licensing, or otherwise exploiting the choreography at issue and repeatedly advised Plaintiff's counsel that SME was a separate legal entity and the entity with whom Plaintiff had been communicating concerning his claims since 2024—long before this lawsuit was filed. (See Declaration of Tara Bruh, **Exhibit 1** hereto). Plaintiff's voluntary dismissal represents an implicit acknowledgment that those representations were correct.

Curiously, however, Plaintiff did not dismiss this action. Plaintiff voluntarily dismissed only SMHI while expressly providing that the dismissal "does not affect the claims against any other remaining Defendants." The only remaining defendants in this action are the unidentified Doe defendants named in the original Complaint. Meanwhile, Plaintiff has already filed the action he actually intends to pursue against identified defendants in the Central District of California. Plaintiff offers no explanation for maintaining this Georgia action solely against fictitious defendants while simultaneously litigating the same underlying controversy against identified defendants elsewhere.

Accordingly, although Plaintiff's voluntary dismissal renders moot SMHI's request for dismissal of the Complaint, it materially strengthens the remaining issues before the Court. The voluntary dismissal of SMHI does not resolve Plaintiff's still-pending Motion for Leave to File an Amended Complaint and Transfer Case, nor does it deprive this Court of jurisdiction to determine SMHI's request for excess

costs, expenses, and attorney's fees under 28 U.S.C. § 1927, both of which remain ripe for adjudication.

## III.   PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DENIED.

### A.   Rule 15 Does Not Authorize the Degree of the Transformation Here.

Having voluntarily dismissed SMHI, Plaintiff's request for leave to amend this action is even more procedurally anomalous.  The only remaining defendants are unidentified Doe defendants, while Plaintiff has already commenced the proposed action in California against the defendants he actually intends to pursue. Rule 15 provides no basis for converting a case against fictitious defendants into an entirely different lawsuit already pending elsewhere.

Rule 15 reflects a liberal policy favoring amendment so that cases may be resolved on their merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  That policy, however, is not without limits.  The decision whether to grant leave to amend remains committed to the sound discretion of the district court, and leave may properly be denied where the proposed amendment fundamentally alters the nature of the litigation, causes undue prejudice, or otherwise exceeds the permissible scope of Rule 15.  See *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (affirming denial of leave to amend where proposed amended complaint "essentially pleaded a fundamentally different case with new causes of action and different parties.").

18

Plaintiff's proposed pleading does not merely amend the operative Complaint. It eliminates the sole defendant and the claims asserted against it, asserts no claims against that defendant, substitutes an entirely different group of defendants, replaces a declaratory judgment action with copyright infringement claims seeking damages, adds a jury demand, and seeks to litigate those claims in an entirely different federal district. In substance and effect, Plaintiff seeks to replace one lawsuit with another.

Federal courts have repeatedly recognized that Rule 15 does not authorize that degree of transformation. In *Summit Office Park, Inc. v. United States Steel Corp.*, the former Fifth Circuit explained that a pleading abandoning the original parties and asserting entirely new claims possesses the characteristics of a "new lawsuit" rather than an amended complaint. 639 F.2d 1278, 1284 (5th Cir. 1981).[4] Likewise, in *Safir v. Blackwell*, 579 F.2d 742 (2d Cir. 1978), the Second Circuit held that leave to amend was properly denied where the proposed amendment would "transform the case, in effect dismiss the original defendants, and pursue a completely different claim," explaining that an amendment is improper when it introduces an entirely new claim both as to its substantive content and the identity of the persons against whom relief is sought. *Id.* at 745.

More recent decisions are to the same effect. Courts have held that when a

---

[4] All decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

19

proposed amendment abandons the existing litigation and instead asserts separate claims against different defendants, the proper course is commencement of a new civil action—not amendment of the existing complaint. *Bey v. Apple, Inc.*, 2026 U.S. Dist. LEXIS 60718, at *3 (M.D. Fla. Mar. 23, 2026); *Eravi v. City of Lawrence*, 2024 U.S. Dist. LEXIS 120018, at *27 (D. Kan. July 9, 2024).  As the court observed in *Bey*, where a proposed amendment "missed the target so wide" that it changes the defendants, the claims asserted, and the relief requested, the proper procedural vehicle is a new lawsuit rather than an amended complaint. *Bey v. Apple, Inc.*, 2026 U.S. Dist. LEXIS 60718, at *3 ("Plaintiff must file his purported amended complaint as a new complaint in a new civil action . . . .").  Similarly, *Eravi* concluded that an attempted amendment asserting a "wholly new case" against new defendants was not a proper amendment under Rule 15 but instead required commencement of a separate civil action. *Eravi v. City of Lawrence*, 2024 U.S. Dist. LEXIS 120018, at *27.

Plaintiff's proposed pleading falls squarely within these authorities.  The only defendant disappears.  The only operative claim disappears.  The requested declaratory relief disappears.  In their place appear new defendants, new causes of action, new remedies, a jury demand, and a request to litigate in California – all the while asking this Court to rule on an amendment that the Plaintiff has no interest in pursuing in this Court as he admits that this Court lacks jurisdiction over these

defendants.   Indeed, Plaintiff himself has now filed precisely that lawsuit in the Central District of California.   Having already commenced the separate action, Plaintiff effectively acknowledges that the proposed pleading is not an amendment of this case, but an entirely different lawsuit that he does not intend to pursue here.

There is nothing for the Court to do here except dismiss the current lawsuit so that the Plaintiff can pursue the California action.   Once Plaintiff determined that SMHI was not the proper defendant, that additional defendants should be sued, that damages rather than declaratory relief should be sought, and that California was the proper forum, the Federal Rules supplied the appropriate procedural mechanism: voluntarily dismiss this action and proceed with the newly filed California action. Plaintiff has already undertaken the latter.   Rule 15 does not permit him to avoid the former.   Once Plaintiff alerted SMHI to his plan, SMHI repeatedly requested, to no avail, that Plaintiff dismiss this action, relieve SMHI of the impending Court deadlines, and pursue his new claims against the new defendants in a jurisdiction that he believed had jurisdiction to hear the dispute.   Plaintiff refused to do so, forcing SMHI to incur considerable fees given the Court deadlines.

Accordingly, Plaintiff's Motion for Leave should be denied.

## B. The Proper Procedure Was Voluntary Dismissal and Filing of a New Action.

The Federal Rules already provide the appropriate procedural mechanism for the circumstances presented here.   Once Plaintiff determined that SMHI was not the

21

proper defendant, that additional defendants should be sued (and that jurisdiction did not exist over them in this forum), that damages rather than declaratory relief should be sought, and that California was the appropriate forum, Plaintiff's remedy was straightforward: voluntarily dismiss this action pursuant to Rule 41(a) and commence a new action against the appropriate parties in the appropriate forum.

And while Plaintiff has commenced a new action in California, he has refused to dismiss this action.

Plaintiff apparently wishes to preserve briefing on a collateral attorney's lien dispute in this Court while transferring the remainder of the case to California. Whatever practical benefit Plaintiff perceives in that approach, neither Rule 15 nor the Court's limited jurisdiction authorizes maintaining an otherwise abandoned federal action for the purpose of preserving rulings or briefing on a collateral state-law attorney's lien dispute.[5] The perceived inconvenience of refiling that motion practice in another forum cannot justify requiring SMHI to continue litigating a lawsuit that Plaintiff has already (properly) abandoned via a separate action.

---

[5] Indeed, Plaintiff's only articulated reason for maintaining this action appears to be to obtain a ruling on a pending motion regarding an attorney's lien. That issue is collateral, arises under state law, and cannot itself furnish a basis for continuing a federal action after Plaintiff has abandoned the operative federal controversy against the only named defendant. See *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 34 (2025) (holding that once the operative amended pleading eliminates the claims supporting original federal jurisdiction, the remaining state-law claims are "supplemental to nothing—and §1367(a) does not authorize a federal court to resolve them.").

Plaintiff's Motion for Leave should be denied.

## C. Plaintiff's Procedural Maneuver Has Left No Remaining Party to Oppose the Motion for Leave.

Plaintiff's voluntary dismissal creates an unusual procedural posture. Having dismissed the only named defendant while leaving only unidentified Doe defendants, Plaintiff has effectively removed every party with a practical interest in opposing the Motion for Leave. Yet Plaintiff continues to seek affirmative relief from this Court through a motion that would fundamentally transform this case into an entirely different lawsuit already pending elsewhere.

Unless SMHI responds notwithstanding its dismissal, Plaintiff's Motion for Leave would effectively proceed unopposed. Rule 15 does not contemplate such a result, nor should Plaintiff be permitted to engineer it by dismissing the only defendant capable of addressing the procedural impropriety of the requested amendment.

## Conclusion

Plaintiff's voluntary dismissal of Sony Music Holdings, Inc. confirms the central premise of SMHI's position throughout this litigation: SMHI was not the proper defendant, and Plaintiff ultimately abandoned the claims asserted against it. That belated dismissal, however, neither validates Plaintiff's procedural maneuvering under Rule 15 nor extinguishes the unnecessary proceedings Plaintiff's counsel required SMHI to defend before finally dismissing it from this action.

23

Plaintiff's pending Motion for Leave remains procedurally improper, and Plaintiff's voluntary dismissal does not deprive this Court of jurisdiction to determine SMHI's entitlement to excess costs, expenses, and attorney's fees under 28 U.S.C. § 1927.

WHEREFORE, Defendant Sony Music Holdings, Inc. respectfully requests that the Court:

1. Acknowledge Plaintiff's Notice of Voluntary Dismissal as effective with respect to Plaintiff's claims against Sony Music Holdings, Inc. pursuant to Rule 41(a)(1)(A)(i);

2. Deny Plaintiff's Motion for Leave to File an Amended Complaint and Transfer Case because the proposed pleading is not a proper amendment under Rule 15, but instead constitutes an entirely new lawsuit that Plaintiff has already commenced in the Central District of California;

3. Determine that Plaintiff's Notice of Voluntary Dismissal does not moot SMHI's Motion for Excess Costs, Expenses, and Attorney's Fees pursuant to 28 U.S.C. § 1927, and that this Court retains jurisdiction to adjudicate that collateral issue;

4. Deny Plaintiff's attempt to maintain this action against unidentified Doe defendants after voluntarily dismissing the only named defendant, dismiss the remaining claims without prejudice, and retain jurisdiction solely to resolve SMHI's Motion for Excess Costs, Expenses, and Attorney's Fees pursuant to

24

28 U.S.C. § 1927 and any proceedings necessary to determine the amount of such award;

5. Find that Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings within the meaning of 28 U.S.C. § 1927 by pursuing and maintaining claims against SMHI without an objectively reasonable factual basis and by continuing to litigate against SMHI after acknowledging that SMHI was not the proper defendant;

6. Award SMHI its excess costs, expenses, and reasonable attorney's fees pursuant to 28 U.S.C. § 1927, to be assessed against Plaintiff's counsel, in an amount to be determined by the Court, including, at a minimum, the fees and expenses incurred in preparing and presenting the instant Motion; and

7. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of July, 2026.

**STRICKLAND DEBROW LLP**

*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346
Joy D. Bonner
Georgia Bar No. 43979
246 Bullsboro Drive, Suite A
Newnan, Georgia 30263
Tel: (470) 683-4402
Fax: (470) 683-4412
vstrickland@stricklanddebrow.com
jbonner@stricklanddebrow.com

25

*Counsel for Sony Music Holdings, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DARRIN HENSON,

       Plaintiff,

v.

SONY MUSIC HOLDINGS, INC., and
DOES 1 through 10, inclusive,

       Defendants.

Case No. 1:26-cv-01674-ELR

## CERTIFICATE OF RULE 7.1 COMPLIANCE
## AND CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.  I also certify that on July 10, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 10th day of July, 2026.

*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346